### MARTIN v. CRUMB.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. BROKERS (§ 57*)—CONTRACT OF EMPLOYMENT—PERFORMANCE OF SERVICES—COMMISSIONS.

Where a broker was only authorized to obtain a purchaser for an entire tract, he could not recover commissions for obtaining a purchaser for a part of the tract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. § 57.*]

2. BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—QUESTION FOR COURT OR JURY—CORRESPONDENCE—CONSTRUCTION.

A construction of certain letters written by heirs to their attorney authorizing him to sell certain real property to determine whether the let-

ters authorized the attorney to sell less than all of the property was for the court.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

Appeal from Trial Term, Kings County.

Action by Ignatz Martin against Leverett F. Crumb. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals. Reversed and dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Nathan P. Bushnell, of Peekskill (Jacob Brenner, of Brooklyn, on the brief), for appellant.

Robert H. Wilson, of Brooklyn, for respondent.

PUTNAM, J. The verdict, and judgment thereon, rest on the propositions: (1) That defendant had employed plaintiff as a broker to get a buyer who would pay $6,500 an acre. (2) That before any revocation, the plaintiff at Peekskill did procure Mr. Henry Roth as such a buyer, thereby earning commissions.

[1] Plaintiff from the beginning had an eye upon a smaller tract of 15 acres on Elm avenue, Ridgewood (letter July 14th). On this he asked a week's option (letter July 18th). Mr. Crumb replied, saying:

"After consultation, the parties owning the entire strip to Fresh Pond Road have agreed that they will sell for $6,500 per acre."

Plaintiff clearly understood that this offer exceeded the territory that he wanted. He urged that this price on "the whole strip" would be a good deal more than leaving the upper portion out. Yet he continued to write and negotiate about the lower 15 acres, as is shown by his letter of July 21st. Mr. Crumb made no answer. He, however, on August 9th, reminded plaintiff that $6,500 per acre was the price fixed by the heirs. The situation remained unchanged, when plaintiff's letter of September 25th offered $6,000 per acre for 15 acres, one-third cash, and balance on bond and mortgage. This brings us up to the situation at the meeting at Peekskill. Mr. Roth there offered $6,500 per acre for these 15 acres. Mr. Crumb stated that he would have to see his clients, but that he would sign contract for $100,000.

Assuming everything within the jury's province as found in the plaintiff's favor, still the difficulty remains that the only positive authorization by defendant was to find a purchaser for the while lot up to Fresh Pond Road, and such a purchaser the plaintiff did not produce.

[2] As plaintiff is asserting a liability against an agent, an attorney at law—so known and dealt with—consisting of a breach of his warranty of authority to contract for the heirs in interest, the defendant is entitled to stand strictly on the terms of the letters. The construction of them is for the court. They did not show an employment to sell, or a representation of the authority to find a purchaser for 15 acres only, which was all that Mr. Roth was willing to buy.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows that the judgment and order should be reversed, with costs, and judgment rendered dismissing the complaint, with costs. All concur.